UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE LEE LAWTON,

        Petitioner,

v.                                        CASE NO. 10-10048
                                         HONORABLE GEORGE CARAM STEEH

NICK LUDWICK,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY,
CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES,
AND DENYING AS MOOT PETITIONER'S MOTION FOR
ORAL ARGUMENT AND FOR APPOINTMENT OF COUNSEL**

**I. INTRODUCTION**

On January 6, 2010, petitioner Theodore Lee Lawton filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Lawton's Kent County convictions and sentence for armed robbery and felony firearm. The petition presents six claims: four claims alleging ineffective assistance of counsel; one claim regarding the jury's viewing of photographs seized from Petitioner's cell phone; and another claim alleging that a detective destroyed evidence favorable to the defense. On July 16, 2010, respondent Nick Ludwick filed an answer to the petition in which he argues that Petitioner's claims lack merit, are procedurally defaulted, or are not cognizable on habeas review.

Petitioner recently filed a motion for oral argument and for appointment of counsel and a motion to stay these proceedings. The motion for a stay is based on the

Supreme Court's recent decision in *Presley v. Georgia*, __ U.S. __, 130 S. Ct. 721 (2010) (*per curiam*), "which held that a trial court violated a defendant's Sixth Amendment right to [a] public trial when it excluded the public from voir dire proceedings without a compelling justification, consideration of reasonable alternative measures, or appropriate findings." *United States v. Villagomez*, __ F. Supp.2d __, __, No. 08-00020, 2010 WL 1726147, at *4 (D. N. Mar. I. Apr. 22, 2010). Petitioner contends that *Presley* mirrors his case. Because of this, he has asked the Court to hold his petition in abeyance so that he may return to state court and exhaust state remedies for a new claim based on *Presley*.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner apparently has exhausted state remedies for his pending claims, but he wishes to pursue additional state remedies for a new claim based on *Presley*. A dismissal of this action pending exhaustion of additional state remedies could preclude future consideration of Petitioner's current claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The Court therefore will consider whether a stay is appropriate.

District courts possess authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299

2

U.S. 248, 254 (1936). It is an abuse of discretion to grant a stay if (1) the petitioner fails to show "good cause" for not exhausting his claim first in state court, (2) the unexhausted claim is "plainly meritless," or (3) the petitioner is engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

Petitioner is not engaged in abusive litigation tactics, and his unexhausted claim is not plainly meritless. Further, Petitioner has shown "cause" for his failure to first raise his new claim in state court: the Supreme Court issued its decision in *Presley* after Petitioner pursued state court remedies and filed his habeas petition. The Court therefore finds that it would not be an abuse of discretion to hold these proceedings in abeyance. Accordingly, Petitioner's motion for a stay [Dkt. #8] is **GRANTED**, and Petitioner's motion for oral argument and appointment of counsel [Dkt. #7] is **DENIED** as moot.

The Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order if he has not already done so. He will have to show "good cause" for the failure to raise his new claim on appeal or in his prior motion for relief from judgment and "actual prejudice." Mich. Ct. R. 6.508(D)(3). If Petitioner is unsuccessful in state court, he may file a motion to re-open this case and an amended habeas corpus petition, using the same case name and number. The motion to re-open and the amended petition must be filed within **sixty (60) days** of exhausting state remedies for the *Presley* claim.

The Clerk of the Court is **ORDERED** to close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or as an

3

adjudication of Petitioner's current claims.


Dated: September 30, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
Theodore Lawton on
September 30, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk