UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE LEE LAWTON,

        Petitioner,

  v.                                   CASE NO. 2:10-cv-10048
                                         HONORABLE GEORGE CARAM STEEH

NICK LUDWICK,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO PROCEED IN FORMA PAUPERIS ON APPEAL (Dkt. #28), AND
DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Dkt. #29)**

    Petitioner Theodore Lee Lawton has appealed the Court's dispositive opinion and judgment denying his habeas corpus petition. Currently before this Court are petitioner's motion to proceed in forma pauperis on appeal and his motion for reconsideration. For the reasons that follow, the first motion is granted, and the latter motion is denied.

**I. Background**

    Petitioner commenced this action by filing a pro se habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges petitioner's state convictions for armed robbery and possession of a firearm during the commission of a felony. The convictions arose from an armed robbery of a convenience store in Cedar Springs, Michigan, on April 22, 2004. Petitioner's first trial ended in a mistrial because the jury was unable to reach a unanimous verdict. Petitioner represented himself at his second

trial, and on August 8, 2005, the jury found petitioner guilty, as charged, of armed robbery and felony firearm.

The trial court sentenced petitioner as a habitual offender to two years in prison for the felony firearm conviction and to a consecutive sentence of forty-six years, ten months to seventy-five years for the robbery conviction. The Michigan Court of Appeals affirmed petitioner's convictions in an unpublished decision, and on November 29, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Lawton, 480 Mich. 957; 741 N.W.2d 333 (2007). Petitioner also pursued state collateral remedies without success.       In an amended habeas corpus petition filed on June 25, 2012, petitioner alleges that: (1) the trial court violated his right to a public trial; (2) the jury should not have been permitted to see two photographs obtained from petitioner's cell phone; (3) trial counsel was ineffective for failing to challenge the affidavit supporting a search warrant; (4) a detective suppressed evidence of a recorded telephone conversation between petitioner and an acquaintance and also destroyed part of the recording; (5) trial counsel was ineffective for failing to argue that offense variable seven of the Michigan sentencing guidelines is vague; and (6) appellate counsel was ineffective for failing to raise habeas claims two through five in the appeal of right. On January 28, 2015, the Court issued a dispositive opinion in which the Court denied the habeas corpus petition and declined to issue a certificate of appealability.

## II. The Motion to Proceed In Forma Pauperis

In his motion to proceed in forma pauperis on appeal, petitioner alleges that he is indigent, that he has no asserts, and that his prison job pays only $12.42 a month,

which is barely enough to buy the personal hygiene items that he needs. Attached to petitioner's motion is a certified statement regarding petitioner's trust fund account at the prison where he is confined. The statement indicates that, for the reported period, petitioner had monthly deposits averaging $21.87, an average monthly balance of $6.00, and a spendable account balance of $.09 as of February 6, 2015. Because the certified statement supports petitioner's allegation of indigence, the Court **GRANTS** his motion to proceed in forma pauperis on appeal (Dkt. #28).

### III. The Motion for Reconsideration

In his motion for reconsideration, petitioner asks the Court to reconsider its decision to deny a certificate of appealability. A motion for reconsideration must be filed within fourteen days of the judgment or order in dispute. LR 7.1(h)(1) (E. D. Mich. July 1, 2013). On January 28, 2015, the Court entered its dispositive opinion and judgment on the docket. Petitioner signed and dated his motion for reconsideration more than fourteen days later on February 24, 2015. Therefore, his motion is untimely. Even if the motion were timely, the Court has determined for the reasons given below that reconsideration is unwarranted.

#### A. Legal Standards

To prevail on his motion for reconsideration, petitioner must show that there is a palpable defect in the Court's dispositive opinion and that correcting the defect will result in a different disposition of the case. LR 7.1(h)(3) (E.D. Mich. July 1, 2013); Indah v. United States S.E.C., 661 F.3d 914, 924 (6th Cir. 2011). "[M]erely presenting the same issues that the court previously ruled on is not an acceptable ground for

reconsideration." Indah, 661 F.3d at 924.

At issue here is the Court's decision not to grant a certificate of appealability on habeas claims one, two, four, and five. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

### B.  The Right to a Public Trial

Habeas claim one alleges that the trial court violated petitioner's right to a public trial by excluding the public from voir dire proceedings during his first trial to make room for prospective jurors. Although the Sixth Amendment to the United States Constitution guarantees the accused the right to a public trial, including the voir dire of prospective jurors, Presley v. George, 558 U.S. 209, 211-13 (2010), the Court found no merit in petitioner's claim because his first trial ended in a mistrial, and the public was not excluded from his second trial.

Petitioner maintains that, by excluding the public from the voir dire proceeding during his first trial, the trial court led the public to believe that they could not attend voir dire proceedings during his second trial. Members of the public who were excluded from the voir dire proceeding at petitioner's first trial may have incorrectly assumed that they were not permitted to be present during voir dire proceedings at the second trial. But the trial court did not say that the public could be not present at all phases of the second trial, and the public was not actually prohibited from being there. Consequently,

petitioner's right to a public trial was not violated, and the Court declines to grant a certificate of appealability on petitioner's first claim.

### C. The Photographs of Guns

Habeas claim two alleges that the jury should not have been permitted to see two photographs of guns, which the police discovered on petitioner's cell phone after his arrest. Petitioner claims that the prosecutor used the photographs to prove he had a bad character. Petitioner also claims that the photographs were too inflammatory and prejudicial to be shown to the jury because there was no direct link between him and the guns used in the armed robbery.

A state court's evidentiary error is not a basis for habeas corpus review unless the error was so fundamentally unfair as to rise to the level of a due-process violation. Moreland v. Bradshaw, 699 F.3d 908, 923 (6th Cir. 2012), cert. denied, 134 S. Ct. 110 (2013). At issue here was a photograph depicting a handgun and a second photograph showing petitioner pointing a handgun at the camera. Admission of the photographs at petitioner's trial was not fundamentally unfair because the photographs were relevant evidence. At least one of the photographs showed petitioner holding a gun similar to the one used in the crime. In the words of the trial court,

> we have here pursuant to a valid search a phone taken off the defendant's person. The photograph was taken from the phone. It's clearly of the defendant. It's clearly of a nine millimeter pistol. A nine millimeter pistol was used in the robbery here. The bullet [found at the crime scene] is a nine millimeter bullet.

(Mot. Hr'g 10, Apr. 18, 2005.) The trial court concluded that the photographs were "clearly admissible" and that the only question would be the weight given to the evidence.

The decision to admit the photographs in evidence did not deprive petitioner of a fair trial, because the photographs were used to connect petitioner to the crime and not to show that he was a bad person. The Court therefore declines to grant a certificate of appealability on petitioner's second claim.

### D. The Recorded Telephone Conversation

Habeas claim four alleges that a detective suppressed evidence of a recorded telephone conversation and also destroyed part of the recording. The recorded telephone call was one that Petitioner made to a friend from jail shortly after his arrest. During their telephone conversation, petitioner asked his friend to contact a participant in the crime and to tell the witness to leave town so that she would not testify against petitioner and petitioner's co-defendant. According to petitioner, the destroyed portions of the conversation were favorable to the defense, because they indicated that he told his friend he was "locked up on some bullshit" and that his co-defendant did something stupid and had "got him [petitioner] caught in the middle of it."

Petitioner did not object at trial when the prosecutor played the recording of his telephone call to his friend, and when the prosecutor moved to admit the recording in evidence, petitioner stated that he had no objection to its admission. Furthermore, information about the recording was merely delayed, not suppressed, and there was no evidence that the police destroyed any evidence. Although some of the conversation was missing from the recording, the problem appeared to be the result of defective recording equipment, not misconduct on the part of the police.

Petitioner has failed to show that the prosecution's handling of the recorded telephone conversation violated his right to due process. The Court therefore declines

to grant a certificate of appealability on petitioner's fourth claim.

### E. Trial Counsel

Habeas claim five alleges that petitioner's trial attorney was ineffective because he failed to argue that offense variable seven of the Michigan sentencing guidelines is vague. Offense variable seven "is aggravated physical abuse." Mich. Comp. Laws § 777.37(1). Petitioner received a score of fifty points, which is appropriate if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(a). Petitioner claims that this language is vague, but "the limitations placed on judges' discretion by [sentencing guidelines] do not violate a defendant's right to due process by reason of vagueness." United States v. Smith, 73 F.3d 1414, 1418 (6th Cir. 1996) (quoting United States v. Salas, No. 93-5897, 1994 WL 24982, at *2 (6th Cir. Jan. 27, 1994) (unpublished decision citing United States v. Wivell, 893 F.2d 156, 159-60 (8th Cir. 1990)).

Furthermore, petitioner's conduct of firing his gun during the robbery increased the victims' fear and anxiety. The statutory phrase "conduct designed to substantially increase the fear and anxiety a victim suffered during the offense" is not so vague as to prevent a person of ordinary intelligence from knowing what is prohibited. A person of ordinary intelligence could conclude that a score of fifty points for offense variable seven is warranted when the defendant's conduct went beyond what was needed to commit the charged offense or that the defendant "intended to make a victim's fear or anxiety greater by a considerable amount." People v. Hardy, 494 Mich. 430, 444; 835 N.W.2d 340, 347 (2013).

Petitioner's trial attorney therefore was not ineffective for failing to object to the scoring of offense variable seven on the basis of vagueness. The Court declines to grant a certificate of appealability on claim five.

## IV. CONCLUSION

For the reasons given above, reasonable jurists would not find the Court's assessment of petitioner's habeas claims debatable or wrong. Nor would they conclude that the claims deserve encouragement to proceed further.

Additionally, petitioner is raising the same issues that the Court already ruled on, and he has not shown that the Court's opinion contains a palpable defect. The Court therefore DENIES petitioner's motion for reconsideration (Dkt. #29). The Court nevertheless GRANTS petitioner's motion to proceed in forma pauperis on appeal (Dkt. #28).

Dated: March 10, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 10, 2015, by electronic and/or ordinary mail and also on Theodore Lee Lawton #254897, Ionia Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk